Welton ZOLICOFFER, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

No. 4:CV–95–0587.

United States District Court, M.D. Pennsylvania.

April 28, 1995.

Plaintiff, proceeding pro se.

### ORDER

McCLURE, District Judge.

### BACKGROUND:

On April 14, 1995, plaintiff Welton Zolicoffer, an inmate at the Federal Correction Institution at Marianna, Florida, initiated this action with the filing of a complaint pursuant to, *inter alia,* 42 U.S.C. § 1983. Plaintiff alleges a widespread conspiracy among investigators, federal agencies, corrections officers and officials, judges and prosecutors related to plaintiff's conviction for narcotics trafficking. Plaintiff is proceeding *pro se,* and has filed an application to proceed *in forma pauperis* which indicates that he should be allowed to proceed in that manner.

Before the court is the complaint to be reviewed pursuant to 28 U.S.C. § 1915(d).

### DISCUSSION:

#### A. STANDARD OF REVIEW

■ Courts are authorized under 28 U.S.C. § 1915(d) to dismiss a claim filed *in forma pauperis* "if satisfied that the action is frivolous or malicious." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Dismissal on that ground can be made *sua sponte* prior to the issuance of process, to spare prospective defendants the inconvenience and expense of responding to frivolous or malicious allegations. A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Id.* at 325, 109 S.Ct. at 1831.

Plaintiff's complaint lacks an arguable basis in law, and so will be dismissed pursuant to § 1915(d).

#### B. FACTS ALLEGED IN COMPLAINT

Plaintiff was convicted in the Middle District of Pennsylvania of possession with intent to distribute cocaine, conspiracy to distribute cocaine, use of a telephone to facilitate distribution of cocaine, and violation of the Travel Act, 18 U.S.C. § 1952(a)(3). *United States v. Zolicoffer,* 869 F.2d 771, 772 (3d Cir.), *cert. denied,* 490 U.S. 1113, 109 S.Ct. 3172, 104 L.Ed.2d 1034 (1989). On appeal, the Court of Appeals for the Third Circuit reversed the Travel Act conviction, but affirmed as to all other charges. 869 F.2d at 775. A more detailed recitation of the facts underlying the charges against plaintiff and the disposition thereof are set forth in that opinion, and is not necessary for present purposes.

A number of collateral proceedings have been initiated by plaintiff. To date, published opinions related to plaintiff's conviction include:

1. *United States v. Zolicoffer,* 869 F.2d 771 (3d Cir.) (direct appeal), *cert. denied,* 490 U.S. 1113, 109 S.Ct. 3172, 104 L.Ed.2d 1034 (1989).

2. *United States v. Zolicoffer,* 925 F.2d 420 (3d Cir.1991) (table; affirming an order issued by the Honorable William J. Caldwell, named as a defendant in this action).

3. *United States v. Zolicoffer,* 928 F.2d 398 (3d Cir.1991) (table; affirming an order issued by Judge Caldwell).

4. *United States v. Zolicoffer,* 950 F.2d 724 (3d Cir.1991) (table; affirming an order issued by unnamed judge of the Middle District of Pennsylvania), *cert. denied,* 504 U.S. 977, 112 S.Ct. 2951, 119 L.Ed.2d 574 (1992).

5. *In re Zolicoffer,* 503 U.S. 905, 112 S.Ct. 1284, 117 L.Ed.2d 509 (1992) (memorandum denying a petition for writ of mandamus).

6. *Zolicoffer v. Class,* 26 F.3d 125 (3d Cir.1994) (table; affirms an order issued by Judge Caldwell).

7. *In re Zolicoffer,* — U.S. ——, 115 S.Ct. 300, 130 L.Ed.2d 213 (1994) (memorandum denying a petition for a writ of habeas corpus).

8. *Zolicoffer v. Rich,* 38 F.3d 572 (11th Cir.1994) (table; affirming order issued by unnamed judge of the Northern District of Florida).

In a 56–page complaint, plaintiff recites the various attempts he has made in an effort to overturn his conviction, to no avail. He also sets forth his claims of various constitutional deprivations and procedural irregularities involved in the criminal proceedings against him. As discussed below, the exact nature of the claims is not material to our holding, and that also will not be set forth at length. The only facts material to disposition of this motion are that plaintiff was convicted in federal court of various criminal violations, one of the convictions was reversed on appeal, but the remainder have been affirmed despite numerous attacks on the validity of the convictions. Plaintiff remains incarcerated as a result of the federal convictions.

The named defendants include, *inter alia,* a plethora of federal agencies, officials, judges, and a magistrate judge.

## C.  REVIEW OF THE COMPLAINT

■ There are a number of deficiencies in plaintiff's complaint, such as the applicability of sovereign immunity, judicial immunity, and prosecutorial immunity. Further, cor-

rections officials do not prosecute offenses, and so cannot be held liable for a purportedly wrongful conviction. Most importantly, however, plaintiff has no cause of action for the allegedly wrongful conviction he alleges.

■ In order successfully to establish his claim, plaintiff would have to prove that his underlying conviction is invalid.

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. . . .

*Heck v. Humphrey,* — U.S. ——, ——, 114 S.Ct. 2364, 2367, 129 L.Ed.2d 383, 394 (1994) (emphasis in original; footnote omitted). Since plaintiff claims that his conviction is invalid, but it has not been invalidated via the proper avenues of redress, the claim for damages is not cognizable under § 1983. (Plaintiff points out that he has attempted various avenues to invalidate his conviction. The latest, a petition for a writ of habeas corpus in the Supreme Court of the United States, was denied. *In re Zolicoffer,* — U.S. ——, 115 S.Ct. 300, 130 L.Ed.2d 213 (1994)).

■ Of course, it should be noted that plaintiff's reliance upon § 1983 is erroneous. Since plaintiff was convicted in federal court, and the entities and individuals named as defendants were acting under color of federal (not state) law, § 1983 does not apply. Plaintiff's complaint is properly termed a *Bivens* action, so named for *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The same principle applies, however, whether the case is a § 1983 action or a

*Bivens* action: the case is not ripe until the conviction has been invalidated in the proper manner, since a civil action would amount to collateral review of the conviction. Specifically, the Supreme Court summarized its rationale as follows:

> One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. [W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on Law of Torts* 888 (5th ed. 1984)]. This requirement "avoids parallel litigation over the issues of probable cause and guilt ... and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." 8 S. Speiser, C. Krause, & A. Gans, *American Law of Torts* § 28:5, p 24 (1991). Furthermore, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." *Ibid.* This Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack, *see Parke v. Raley,* [—— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391] (1992); *Teague v. Lane,* 489 U.S. 288, 308, 103 L.Ed.2d 334, 109 S.Ct. 1060 (1989); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 68 L.Ed. 362, 44 S.Ct. 149 (1923); *Voorhees v. Jackson,* 10 Pet. 449, 472–473, 9 L.Ed. 490 (1836). We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just it has always applied to actions for malicious prosecution.

*Heck,* —— U.S. at ——, 114 S.Ct. at 2367, 129 L.Ed.2d at 393–394 (second ellipsis in original; remaining ellipses added; footnotes omitted).

■ Just as a claim of an improper conviction asserted against a state official is not cognizable under § 1983 absent invalidation of the conviction via the proper avenues of redress, so such a claim asserted against persons acting under federal law is not cognizable under *Bivens,* regardless of the statutory or constitutional provisions cited. The rationale borrowed by the Supreme Court for malicious prosecution actions, which the Court applied to § 1983 actions which directly or impliedly would invalidate a conviction, applies with equal force to *Bivens* actions: there is no civil cause of action as long as the criminal convictions remain valid because there potentially would be inconsistent results.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's application (record document no. 2) to proceed *in forma pauperis* is granted.

2. Plaintiff's complaint (record document no. 1) is dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

3. We certify that any appeal taken from this order is frivolous, without probable cause, and not taken in good faith.

4. The clerk is directed to close the file.