**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

DEC - 4 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|                                        |     |                              |
| -------------------------------------- | --- | ---------------------------- |
| MICHAEL ROSEBAR, *et al.*,             | )   |                              |
|                                        | )   |                              |
| Plaintiffs,                            | )   |                              |
|                                        | )   |                              |
| v.                                     | )   | Civil Action No. 17-932 (UNA)|
|                                        | )   |                              |
| JUDGE THOMAS F. HOGAN, *et al.*,       | )   |                              |
|                                        | )   |                              |
| Defendants.                            | )   |                              |

## MEMORANDUM OPINION

This matter is before the Court on plaintiffs' applications to proceed *in forma pauperis* and their *pro se* civil complaint. The applications will be granted, and the complaint will be dismissed.

Michael Rosebar and Erin Rosebar were defendants in a criminal matter, *see United States v. Rosebar*, Crim. No. 16-18 (D.D.C. filed Feb. 4, 2016), before The Hon. Thomas F. Hogan. All of the Rosebars' claims pertain to then-ongoing criminal proceedings, including the investigation of their criminal activities, the grand jury proceedings and resulting indictment, the forfeiture of the Rosebars' assets, Mr. Rosebar's pre-trial detention, and the presiding judge's pre-trial rulings, particularly those pertaining to the speedy trial clock and defense counsel. The Rosebars brought this civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Generally, plaintiffs alleged violations of rights protected by the First, Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments to the United States Constitution committed by Judge Hogan, the United States Attorney's Office for the District of Columbia, the prosecuting attorneys, the grand jurors, prior

defense counsel, and a creditor, David Brooks, who previously had obtained a judgment against the Rosebars in the Superior Court of the District of Columbia.[1] Plaintiffs demanded monetary damages totaling $50,400,000.

Plaintiffs' claims against Judge Hogan arise from actions taken in his judicial capacity. For example, plaintiffs challenge Judge Hogan's decision not to dismiss the indictment, *see* Compl. at 7, to appoint defense counsel not of the Rosebars' choosing, *id.* at 10, and to deny their request to allow Milton Joseph Taylor to represent them, *id.* at 11, 15, 23-24, Absolute judicial immunity protects Judge Hogan from suit. *See Mirales v. Waco*, 502 U.S. 9 (1991); *see also Forrester v. White*, 484 U.S. 219, 226-27 (1988).

The Rosebars' claims against the remaining defendants were premature. In essence, the Rosebars challenged practically every aspect of a criminal case which had not concluded when they filed their civil complaint. Mr. Rosebar has been convicted and has appealed his conviction and sentence to the United States Court of Appeals for the District of Columbia Circuit. Mrs. Rosebar has entered into a plea agreement. If there had been a constitutional violation in connection with the criminal proceedings, the matter is best left for the District of Columbia Circuit to decide. Furthermore, unless and until the Rosebars' convictions or sentences are invalidated, they are not entitled to monetary damages. *See Abella v. Rubino*, 63 F.3d 1063,

---

[1] The Court dismisses Milton Joseph Taylor as a party to this action. Notwithstanding Mr. Taylor's claim to be "a leading Head Counsel of Record," Compl. at 3, he is not an attorney. As Mr. Taylor is well aware, *see McCleod v. U.S. Parole Comm'n*, 74 F. Supp. 3d 154, 155 n.1 (D.D.C. 2014); *Saunders v. United States*, 72 F. Supp. 3d 105, 107 n.1 (D.D.C. 2014); *Leach v. U.S. Parole Comm'n*, 522 F. Supp. 2d 250, 251 n.1 (D.D.C. 2007), he cannot represent the interests of the Rosebars or any other party in this or in any other court proceeding. Furthermore, because Mr. Taylor cannot show that any of the alleged trial court errors have affected him personally, he lacks standing to bring any claim pertaining to the criminal case against the Rosebars. *See Jones v. Yanta*, 610 F. Supp. 2d 34, 41 (D.D.C. 2009) (finding that wife, mother-in-law, and son of criminal defendant lacked standing to bring *Bivens* claims related to the defendant's trial).

1065 (11th Cir. 1995) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *Zolicoffer v. FBI*, 884 F. Supp. 173, 176 (M.D. Pa. 1995) ("Just as a claim of an improper conviction asserted against a state official is not cognizable under § 1983 absent invalidation of the conviction via the proper avenues of redress, so such a claim asserted against persons acting under federal law is not cognizable under *Bivens*, regardless of the statutory or constitutional provisions cited.").

The Court dismisses Judge Hogan as a party to this action and all claims against him, and dismisses the complaint and this civil action without prejudice. An Order consistent with this Memorandum Opinion is issued separately.


DATE: November 30th, 2017

_____
United States District Judge