**ALOE CREME LABORATORIES, INC.,**
Plaintiff-Appellee Cross Appellant,

v.

**FRANCINE CO., Inc., Defendant-**
Appellant Cross Appellee.

No. 28594
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 3, 1970.

Richard Kanner, Aaron M. Kanner, Miami, Fla., for plaintiff-appellee cross-appellant.

James R. McKnight, Chicago, Ill., Robert E. Ziegler, Fort Lauderdale, Fla., for defendant-appellant cross-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

This appeal presents substantially the same issues as those recently decided in Aloe Creme Laboratories, Inc. v. Milsan, Inc., 5 Cir., 1970, 423 F.2d 845.

In the court below Francine Company, Inc. moved for a summary judgment on the ground "that the issues created by this cause have heretofore been decided adversely to the plaintiff by reason of the judgment entered [in *Aloe v. Milsan*]". The District Court "after having interrogated counsel" concluded that "no further material facts are in actual good faith controverted". Summary judgment was accordingly entered.

Francine states in its brief that as to Aloe it relies upon and adopts the brief filed by Milsan in No. 27,791, supra. Francine now contends only that it should be allowed to use the Aloe plant design on its products.

Aloe says that Francine should not be allowed to appeal on the record compiled in another case, that is, in No. 27,-791, supra.

■ The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

■ We are, therefore, bound by the decision rendered in Aloe Creme Laboratories, Inc. v. Milsan, Inc., supra, and we affirm the judgment of the District Court.

Affirmed.