Anthony L. BROWN, Plaintiff–Appellant,

v.

R.N. BRISCOE, Medical Department, Defendant–Appellee.

No. 92–6266.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 29, 1992.

Decided May 21, 1993.

Amended by order filed July 12, 1993.

Before WIDENER and LUTTIG, Circuit Judges, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

PER CURIAM:

Plaintiff, a Maryland inmate, brought this *pro se* action pursuant to 42 U.S.C. § 1983 seeking monetary damages for an alleged violation of his constitutional rights. He accompanied his complaint with a motion for leave to proceed *in forma pauperis.* The United States District Court for the District of Maryland granted the plaintiff leave to proceed *in forma pauperis,* but *sua sponte* dismissed his cause of action for failure to state a cognizable federal claim under 42 U.S.C. § 1983. Because this court holds that such dismissal was proper under § 1915(d), we affirm the district court.

### I.

Plaintiff Anthony L. Brown is an inmate at the Maryland Correctional Training Center. His complaint states that on or about May 10, 1991, Nurse Briscoe asked him if he had recently received a tuberculosis inoculation. Although plaintiff replied that he had received such, defendant Briscoe proceeded to give plaintiff an additional vaccination, which caused him to break out in a rash.

### II.

In the mid–1960s the Supreme Court significantly expanded the civil enforcement provisions of 42 U.S.C. § 1983. *See Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964). This has resulted in a flood of cases by prisoners. In 1966, state prisoners filed only 218 civil rights cases in federal courts. By 1972, state prisoners filed 3,348 civil rights actions, and in 1991, the number had increased over ten times with state prisoners filing 36,722 petitions in federal courts.*

Gregory William Stevens, Washington, DC, argued for plaintiff-appellant.

Philip Melton Andrews, Kramon & Graham, P.A., Baltimore, MD, argued (Aron U. Raskas, on brief), for defendant-appellee.

---

* *See* Mecham, Federal Judicial Workload Statistics (1992); *See also* Turner, *When Prisoners Sue: A Study of Prisoner Section 1983 Suits in Federal Courts,* 92 Harv.L.Rev. 610, 611 (1979); Note, *Limitation of State Prisoners' Civil Rights Suits in Federal Courts,* 27 Cath.U.L.Rev. 115, 115 n. 3 (1977).

In 1972, Justice Powell predicted that "the current flood of petitions ... already threatens—because of sheer volume—to submerge meritorious claims and even to produce a judicial insensitivity to" prisoner petitions. *Boyd v. Dutton,* 405 U.S. 1, 8, 92 S.Ct. 759, 763, 30 L.Ed.2d 755 (1972) (Powell, J., dissenting). Since 1972, the number of petitions has increased ten-fold further disseminating the ability of judges to discern and discover deserving cases. It also subjects prison personnel to being interviewed, answering petitions, filing affidavits, and subjecting themselves to discovery and to interrogatories, all of which diminishes the time they can spend performing their job. Moreover, this deters qualified technical personnel from accepting or retaining positions in prisons where they must spend a great portion of their time defending and preparing for lawsuits. Thus, the monetary claims themselves may have the effect of diminishing the capabilities of prisons to raise their own standards.

Judge Henley in *Wycoff v. Brewer,* 572 F.2d 1260 (8th Cir.1978), noted that many of the actions filed by prisoners are not attempts to change undesirable prison conditions, but are brought in the hopes of recovering a monetary award or for other reasons. He stated in his opinion:

> Such suits are frequently without merit and may be maliciously motivated. An inmate may use a suit or a threat of a suit as a lever to obtain favorable treatment or a desirable work assignment. Since § 1983 suits are usually prosecuted *in forma pauperis,* and since prison officials may not constitutionally retaliate against a convict for invoking his right of access to the courts, inmates have essentially nothing to lose, including time, by prosecuting such actions, and they may gain something even if it is nothing but the satisfaction of harassing, inconveniencing and annoying those who have them in charge.

*Id.* at 1266–67.

 Thus, on one hand, the courts must be constantly aware and protective of prisoners' constitutional guarantees, while on the other hand, the courts must be aware of the difficulties encountered by those who are endeavoring to improve prison conditions, and by prison personnel who spend a great deal of their time not in performing services, but in answering and defending complaints and the attendant miscellaneous matters in connection therewith.

Because Congress recognized the potential for abuse of the *in forma pauperis* statute, the statute allows a district court to dismiss the case, "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). In *Nietzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the Supreme Court held that a complaint should be dismissed as frivolous under § 1915(d) when the complaint lacks an arguable basis in either law or fact. *Id.,* 490 U.S. at 325, 109 S.Ct. at 1831. The district court may consider the legal arguments as well as the factual allegations of the pleadings. The complaint may be dismissed as legally frivolous if it is based on "an indisputably meritless legal theory." *Id.,* 490 U.S. at 327, 109 S.Ct. at 1833. Similarly, the complaint may be dismissed as factually frivolous if it includes allegations that are "clearly baseless." *Id.*

In the recent case of *Denton v. Hernandez,* —— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), the Supreme Court held that the district courts have broad discretion to dismiss as frivolous prisoner petitions filed under the *in forma pauperis* statute. *Id.,* —— U.S. at ——, 112 S.Ct. at 1734. The Court stated, "we are confident that the district courts, who are 'all too familiar' with factually frivolous claims ... are in the best position to determine which cases fall into this category. Indeed, the statute's instruction that an action may be dismissed if the court is 'satisfied' that it is frivolous indicates that frivolousness is a decision entrusted to the discretion of the court entertaining the *in forma pauperis* petition." *Id.*

 Therefore, a district court judge should exercise his or her discretion in determining whether a prisoner petition should be dismissed under § 1915(d). Furthermore, the district court should dismiss the case if it is satisfied that the complaint is based on an "indisputably meritless legal theory," or if the factual allegations are "clearly baseless."

Like the Supreme Court noted in *Denton*, it is unnecessary for higher courts to define these standards with more precision, and we will instead leave such determinations to the district courts.

■ In this case, we find that the district court did not abuse its discretion by dismissing this cause of action as frivolous. The standard for evaluating medical claims under the Eighth Amendment has been outlined by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To prevail under the Eighth Amendment, the plaintiff must show that the defendant was *deliberately indifferent to a serious medical need*. *Id.*, 429 U.S. at 106, 97 S.Ct. at 292. At the time Nurse Briscoe administered the vaccination, the prisoners were receiving immunization that affected everyone. Rather than being indifferent, Nurse Briscoe was administering a vaccination to protect the prisoner. This court cannot conclude that the actions of the district court in *sua sponte* dismissing this complaint was an abuse of discretion.

Finally, it is important to note that pursuant to *Denton v. Hernandez*, —— U.S. at ——, 112 S.Ct. at 1734, the dismissal *sua sponte* under the *in forma pauperis* statute is without prejudice to the plaintiff filing a suit paying the full filing costs and service fees.

### III.

For the reasons stated herein, the judgment of the district court is

AFFIRMED.