50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Wallace HOOPER, Plaintiff-Appellant,
v.
Lance ANDERSON; Anthony Wallace, Defendants-Appellees.
 No. 93-35422.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Memorandum Filed Oct. 6, 1994.
Memorandum Withdrawn and Decided Jan. 10, 1995.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 ORDER
 Appellant's petition for rehearing is granted. The panel has voted to reject the suggestion for rehearing en banc. The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35. The suggestion for rehearing en banc is rejected.
 The unpublished memorandum disposition filed October 6, 1994 is withdrawn. The Clerk of the Court is directed to file the attached memorandum disposition.
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Wallace Hooper, an Idaho state prisoner, appeals pro se the district court's order granting the defendants' motions for summary judgment in his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and vacate and remand with instructions to dismiss the action without prejudice.
 
 
 3
 Hooper was convicted in Idaho state court of manslaughter, following the entry of a guilty plea. The trial court sentenced Hooper to thirty years and his sentence was affirmed by the Idaho Supreme Court. State v. Hooper, 809 P.2d 467 (Idaho 1991). Hooper is currently serving his sentence at an Idaho prison. On September 21, 1991, Hooper filed this Sec. 1983 action in district court, alleging that defendants Wallace and Anderson violated his constitutional rights during the investigation in Hooper's state criminal proceedings. Specifically, Hooper contends that defendant Wallace deliberately failed to preserve exculpatory evidence in the form of the victim's diary; and that defendant Anderson used coercive tactics to obtain Hooper's confession and also committed perjury during Hooper's state criminal proceedings.
 
 
 4
 In order to recover damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated in order to state a cognizable Sec. 1983 claim. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). A Sec. 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Id. at 2373.
 
 
 5
 Here, Hooper is seeking to recover damages for conduct which if proven true, would invalidate his conviction. Hooper's conviction has not been invalidated. Thus, Hooper cannot state a cognizable Sec. 1983 claim based on the defendants' conduct.[1] Accordingly, we vacate the district court's order granting summary judgment and remand with instructions to dismiss the action without prejudice. See Heck, 114 S.Ct. at 2372.[2]
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Supreme Court's decision in Heck applies retroactively to the instant case because the Court applied the rule announced in Heck to the parties in that case. See Harper v. Virgina Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it)
 
 
 [2]
 Since Hooper failed to state a cognizable Sec. 1983 claim, we need not address Hooper's additional arguments concerning further discovery and leave to amend his complaint