John Eric SANDLES, Plaintiff,

v.

Rudolph T. RANDA, District Judge, Thomas P. Schneider, U.S. Attorney, Paul L. Kanter, Assistant United States Attorney, Rex S. Morgan, Probation Officer, Theodore Bryant–Nanz, Attorney, Patricia J. Gorence, Magistrate Judge, Terence T. Evans, Circuit Judge, Richard A. Posner, Chief Circuit Judge, William J. Bauer, Senior Circuit Judge, Francis Lipuma, Attorney, Defendants.

No. 96–C–1183.

United States District Court, E.D. Wisconsin.

Nov. 15, 1996.

John Eric Sandles, pro se.

## ORDER

STADTMUELLER, Chief Judge.

On October 15, 1996, John Eric Sandles,[1] an inmate in federal prison, filed a complaint against United States District Court Judge Rudolph T. Randa, United States Attorney Thomas P. Schneider, Assistant United States Attorney Paul L. Kanter, United States Probation Officer Rex S. Morgan, Attorney Theodore Bryant–Nanz, United States Magistrate Judge Patricia J. Gorence, Chief Circuit Judge Richard A. Posner, United States Senior Circuit Judge William J. Bauer, United States Circuit Judge Terence T. Evans, and Attorney Francis Lipuma. Sandles seeks redress under 42 U.S.C. §§ 1983, 1985(2), and 1986, alleging that the defendants conspired "to deny and deprive plaintiff to be sentenced to law as congress has provided, by acknowledging and sanctioning a fabricated statute that was designed to imprison the plaintiff."

Along with his complaint, Sandles filed a request for leave to proceed *in forma pauperis.* In an apparent attempt to avoid application of the "three strikes" provision found in 28 U.S.C. § 1915(g), Sandles paid the $120.00 filing fee on October 25, 1996. He did not, however, withdraw his request for leave to proceed *in forma pauperis.*

A federal grand jury charged Sandles with five counts of bank robbery under 18 U.S.C. § 2113(a). Sandles chose to represent himself at trial, with his court-appointed attorney serving as standby counsel. He was convict-

1. To be sure Sandles, a classic serial litigator, is no stranger to this court. Indeed, beyond this case he has filed some eighteen separate actions in this district in the last four years, six of which were filed on April 23, 1996, three days before enactment of the Prison Litigation Reform Act. Sandles v. Lamer, 96–C–1128; Sandles v. Hawk, 96–C–489; Sandles v. Woods, 96–C–488; Sandles v. Clark, 96–C–487: Sandles v. Clark, 96–C–486; Sandles v. Crockett, 96–C–485; Sandles v. United States, 96–C–484; Sandles v. United States, 95–C–1060; Sandles v. United States, 95–C–1059; Sandles v. United States, 95–C–1058; Sandles v. Schneider, 95–C–1057; Sandles v. USP–Terre Haute, 95–C–127; Sandles v. USP–Terre Haute, 94–C–1187; Sandles v. US Marshal, 94–C–466; Sandles v. Lowe, 94–C–465; Sandles v. Racine County Jail, 94–C–464; Sandles v. Racine County, 93–C–1047; and Sandles v. Pietz, 93–C–109. All of these cases have been dismissed. In addition, Sandles filed for habeas corpus relief in the Middle District of Pennsylvania (96–C–1715) where he is currently incarcerated at the Lewisburg Federal Penitentiary. This case was subsequently transferred to this district where it is pending before Judge Rudolph T. Randa. (96–C–1128)

ed, and accordingly I sentenced Sandles to five concurrent terms of 180 months. On appeal, the Seventh Circuit vacated the judgment, finding that I did not sufficiently warn Sandles of the perils of proceeding pro se. *United States v. Sandles,* 23 F.3d 1121 (7th Cir.1994).

Following remand, the case was randomly reassigned to Judge Randa. Sandles continued to represent himself with court-appointed standby counsel. After much delay stemming from numerous motions filed by Sandles, Sandles pleaded guilty to five lesser counts of bank larceny under 18 U.S.C. § 2113(b). The plea agreement stipulated that the crimes were crimes of violence and that Sandles was a career offender. Judge Randa sentenced Sandles to five concurrent terms of 105 months. Sandles again appealed, arguing in part that he was not a career offender. The Seventh Circuit affirmed. *United States v. Sandles,* 80 F.3d 1145 (7th Cir.1996).

Sandles now contends that the attorneys and judges involved with his criminal case subsequent to his first appeal conspired to imprison him. He alleges that (1) United States Attorney Schneider and Assistant United States Attorney Kanter "fabricated a statute," (2) the judges involved "acted in clear absence of all jurisdiction in sanctioning the fabrication of a statute," and (3) that "[a]ll other defendants were in a conspiracy to deny and deprive plaintiff to be sentenced to law as congress has provided, by acknowledging and sanctioning a fabricated statu[t]e that was designed to imprison the plaintiff." Sandles seeks declaratory, injunctive, and monetary relief from the defendants.

On April 26, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1214, which included the Prison Litigation Reform Act (PLRA). The PLRA, enacted against the backdrop of frivolous lawsuits brought by the likes of Sandles, created a new section found in 28 U.S.C. § 1915A, which requires the district court to screen prisoner complaints against government officials. Those provisions as relevant here provide in pertinent part:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.—As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

■ Sandles's complaint plainly is frivolous for purposes of section 1915A(b). First, and most important to my analysis, it is factually frivolous. Sandles alleges that the defendants "fabricated" a federal statute "designed" to imprison him. Sandles's contention that the United States Attorney's office, court-appointed counsel, a United States probation officer, and five judges got together and "fabricated" a statute with the specific goal of imprisoning Sandles is "fantastical" *and* "delusional." *See Neitzke v. Williams,* 490 U.S. 319, 328, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). His allegations simply are incredible.

■ Second, Sandles's complaint is legally frivolous for several reasons. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived, under color of state law, of a right secured by the Constitution or the laws of the United States. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980). There is no indication that the defendants, federal employees and private citizens, acted under color of state law. Further, judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The same holds true for prosecutors.

*Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Finally, Sandles is challenging the constitutionality of his imprisonment. To recover in tort for an unlawful conviction or sentence, a plaintiff must show that the conviction or sentence has been reversed on direct appeal or otherwise called into question. *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). There is no indication, outside of Sandles's contentions, that his sentence is unlawful. Thus, Sandles's remedy lies in the federal surrogate for habeas corpus, 28 U.S.C. § 2255, not in the statutes on which he relies. *See Abella v. Rubino,* 63 F.3d 1063 (11th Cir.1995) (holding that prisoner's *Bivens* claim that federal officials conspired to convict him of crimes he did not commit was not ripe because his conviction had not been invalidated).

For all of these reasons, I conclude that each of the claims in Sandles's complaint is frivolous under section 1915A(b), and thus I will dismiss this action. Sandles is put on notice that the dismissal of this action constitutes a strike under section 1915(g).

Accordingly,

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, this action be and the same is hereby **DISMISSED.**