Ronald E. RICE, # 86456–071, and
Victory Mills, # 89987–071,
Petitioners

v.

NATIONAL SECURITY COUNCIL; United States Department of Justice; Central Intelligence Agency; State of Arkansas; Southern Air Transport; Estate of George W. Bush; Estate of William French Smith; Edwin Meese; Richard Thornburgh; William Barr; Janet Reno; Estate of William Casey; Robert Deutch; George Tenet; Estate of William Jefferson Clinton; Raymond "Buddy" Young; and John Doe(s) XXX, Respondents.

No. CIV. 9:00–3937–13AJ.

United States District Court,
D. South Carolina,
Beaufort Division.

June 8, 2001.

Ronald E Rice, Estill Correctional Institution, Estill, SC, Pro se.

Victory Mills, Estill Correctional Institution, Estill, SC, Pro se.

## *ORDER*

GERALD ROSS ANDERSON, JR., District Judge.

The Petitioners Ronald E. Rice (Rice) and Victory Mills (Mills), federal prisoners proceeding *pro se*, filed this action as an apparent claim against the Defendants which seeks to hold them liable for drug-smuggling activities. Ultimately, Rice and

Mills contend, the Defendants' misconduct led to Rice's conviction and Mills' guilty plea in this Court on narcotics charges.

 Since Rice and Mills are *pro se* petitioners, their pleadings are to be accorded liberal construction. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978). *Pro se* Complaints are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999), A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986). Ultimately, this Court cannot ignore a clear failure in the pleading to allege facts supporting a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990). Such is the case with the present Complaint.

### *PROCEDURAL BACKGROUND*

Rice was convicted in *United States v. Ronald Eugene Rice*, Criminal No. 7:90–

0310–2, upon a jury verdict. On February 9, 1991, he was sentenced by this Court: to life imprisonment on Count 1 (conspiracy to possess with intent to distribute crack cocaine); 480 months in prison on Count 2 (possession of crack cocaine with intent to distribute); 240 months on Count 3 (maintaining residence for distributing cocaine) and Count 4 (aiding and abetting). Rice appealed, and his convictions and sentences were upheld in *United States v. Rice*, 976 F.2d 728, 1992 WL 240686 (4th Cir.1992), *cert. denied, Stevens v. United States*, 507 U.S. 1056, 113 S.Ct. 1958, 123 L.Ed.2d 662 (1993). On June 25, 1996, however, pursuant to a post-judgment motion, this Court reduced Rice's term of imprisonment to 324 months. Mills entered a guilty plea to charges of conspiracy to possess with the intent to distribute cocaine base. *United States v. Victory Mills*, Criminal No. 7:93–279–30. This Court takes judicial notice of its own records with respect to these underlying convictions. *Daye v. Bounds*, 509 F.2d 66 (4th Cir.1975).

### *REPORT OF THE MAGISTRATE JUDGE*

This matter is before the Court to issue a final order on the Magistrate Judge's Report and Recommendation filed December 27, 2000, which recommended summary dismissal of the Complaint. The Magistrate Judge makes only a recommendation to this Court, which has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).

The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject or modify, in whole or in

part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

■ In the Report and Recommendation, Rice and Mills' claims have been thoroughly examined. The Magistrate Judge has charitably treated their action as one brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the judicially created analogue to a claim under 42 U.S.C. § 1983. Court decisions under 42 U.S.C. § 1983 also apply in *Bivens* actions. Thus, both Rice and Mills are required to obtain a reversal or expungement of their criminal convictions before seeking to recover damages for violation of civil rights. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) literally states that a claim under 42 U.S.C. § 1983 (and, thus, *Bivens* ) cannot arise until the underlying conviction has been set aside. Neither plaintiff has made such a showing. The Report and Recommendation also examines the immunities which would preclude Rice and Mills from suing the various Defendants, concluding that upon these grounds, too, the action should be dismissed.

■ Alternatively, the Magistrate Judge has considered this Complaint as if it were brought under the Federal Tort Claims Act (FTCA), noting however that litigants must comply with its requirement for a prior administrative claim addressed to the defendant agency or agencies. 28 U.S.C. § 2675. The plaintiffs have made no effort to comply with this statutory requirement.

■ It remains only to add to the findings of the Magistrate Judge that Rice and Mills have failed to allege with particularity how the actions of the Defendants directly affected them. This failure implicates the bedrock concept in American jurisprudence of standing. In *United States v. Hays*, 515 U.S. 737, 742–743, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), the Supreme Court succinctly summarized the law of standing:

> It is by now well settled that "the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

### RECOMMENDATIONS ADOPTED

The Magistrate Judge has found that this action is frivolous and malicious under the Prison Litigation Reform Act (PLRA), 28 U.S.C.1915(e)(2)(B)(1), and that it should be summarily dismissed under 28 U.S.C.1915A(b). This recommendation is amply justified as well as the finding that this dismissal should be deemed a "strike" as to each plaintiff for purposes of the "three strikes" rule, 28 U.S.C. § 1915(g).

Moreover, the Magistrate Judge recommends that this Court revoke each plaintiff's good time credits (if any) that have not yet vested in the Federal Bureau of Prisons (BOP). 28 U.S.C. § 1932 ("second"). This recommendation also appears appropriate.

The Report and Recommendation of the Magistrate Judge is adopted in its entirety, and the Complaint herein is dismissed without prejudice.

■ This dismissal shall be deemed a "strike" as to Ronald E. Rice and as to Victory Mills under the "three strike" rule of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

The United States Attorney for the District of South Carolina shall notify the Federal Bureau of Prisons (BOP) that the non-vested good time credits of Ronald E. Rice and of Victory Mills have been revoked.

**AND IT IS SO ORDERED.**

### *NOTICE OF RIGHT TO APPEAL*

Plaintiffs have the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

### Report and Recommendation

CARR, United States Magistrate Judge.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir.1979). This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); and *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir.1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990). Hence, no useful purpose would be served by having the plaintiff submit the remaining items needed to render this case into "proper form."

The two plaintiffs are bringing suit against various current and former federal officials, and seeks to hold them liable for the drug-smuggling allegedly conducted by operatives of the Central Intelligence Agency (CIA) since the early 1980's. The plaintiffs (or their "jailhouse lawyer") are, presumably, basing this suit on widespread media reports that operatives of the CIA financed covert operations with profits derived from the sale or transportation of illegal drugs into the United States. *See, e.g.*, Alfred W. McCoy, *The Politics of Heroin: CIA Complicity in the Global Drug Trade* (1991), and Peter Dale Scott

and Jonathan Marshall, *Cocaine Politics: Drugs, Armies, and the CIA in Central America* (1991), which are cited in Elizabeth M. Iglesias, *Out of the Shadow: Marking Intersections In and Between Asian Pacific American Critical Legal Scholarship and Latina/o Critical Legal Theory*, 19 B.C. Third World L.J. 349, 383 n. 88 (Fall, 1998). *See also* Eric H. Singer, Book Review, 17 Suffolk Transnational L.Rev. 350 (Spring, 1994):

> American intelligence operations, particularly covert operations, have an apparent knack for getting out of control and producing unintended consequences. * * * To give a very recent example, last fall it was reported that in 1986, following the fall of Haitian dictator Jean–Claude Duvalier, the Central Intelligence Agency ("CIA") created a Haitian intelligence service aimed at fighting the cocaine trade. * * * Instead of producing intelligence on the drug trade, however, the Haitian intelligence service allegedly distributed drugs in Haiti * * * [and] used its training to accomplish other things in the political arena, such as investigate and torture supporters of Haiti's first democratically-elected leader, Jean Bertrand Aristide, and threaten to kill the local United States Drug Enforcement Administration chief.

17 Suffolk Transnational L.Rev. at 350–351 (footnotes omitted from quotation).

The undersigned is treating this case as a *Bivens* action. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820 & n. 30, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The United States, its departments, and agencies cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The United States has not consented to suit under the *Bivens* doctrine. The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir.1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963).

Even if this case were treated as one brought under the Federal Tort Claims Act (FTCA), the United States would be entitled to summary dismissal on the basis of sovereign immunity. *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir.1975).[1]

---

1. The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and *United States v.*

Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; and the "STANDARD FORM 95[.]" There is no indication that the plaintiff has filed an administrative claim with the United States Department of Justice.

It is readily apparent that each plaintiff is, at least implicitly, contending that his involvement in illegal activities resulted ultimately from the presence of drugs allegedly smuggled into the United States by CIA operatives. The plaintiffs' belief that the CIA is responsible for their situation(s) is based on an invalid deduction of fact, which is best articulated in the maxim *"Post hoc, ergo propter hoc."* This maxim is usually translated as "After this, therefore, on account of this." Most federal courts have rejected the validity of that maxim in determining whether a causal connection exists. *See, e.g.,* the order of the Honorable Charles E. Simons, Jr., United States District Judge, in *Orr v. Gardner,* 261 F.Supp. 39, 41 n. 1 (D.S.C. 1966)(*"Post hoc, ergo propter hoc* in logic is usually intended as 'the fallacy of arguing from mere temporal sequence to cause and effect relationship.'"); and *Loyd v. Bullhead City,* 931 F.2d 897, 1991 WL 70735 *6 [Table] (9th Cir.1991), where the United States Court of Appeals for the Ninth Circuit commented: "Loyd's argument presents a classic example of the logical fallacy known as *post hoc, ergo propter hoc, i.e.,* that a cause-and-effect relationship can be shown from a mere temporal sequence." Although a district court, when evaluating a pleading under 28 U.S.C. § 1915, must assume that the allegations in the pleading are true, a district court is not required to accept unwarrant-

*Kubrick,* 444 U.S. 111, 117–118, 100 S.Ct.

ed deductions of fact. *Gersten v. Rundle,* 833 F.Supp. 906, 910 (S.D.Fla.1993).

Since each plaintiff is, in reality, challenging matters pertaining to his prior criminal case, the complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383, (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, ... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. * * *

*Heck v. Humphrey, supra. See also Woods v. Candela,* 47 F.3d 545 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied, Candela v. Woods,* 516 U.S. 808, 116 S.Ct. 54, 133 L.Ed.2d 18 (1995); *Treece v. Village of Naperville,* 903 F.Supp. 1251 (N.D.Ill. 1995); *Seaton v. Kato,* 1995 WL 88956, **4–5, 1995 U.S. Dist. LEXIS® 2380, *12–

352, 62 L.Ed.2d 259 (1979).

*13 (N.D.Ill., February 28, 1995); and *Smith v. Holtz,* 879 F.Supp. 435 (M.D.Pa. 1995), *affirmed,* 87 F.3d 108 (3rd Cir.), *cert. denied, Wambaugh v. Smith,* 519 U.S. 1041, 117 S.Ct. 611, 136 L.Ed.2d 536 (1996).

*Heck v. Humphrey* is applicable in civil suits, such as *Bivens* actions, against federal officials and entities. *See Stephenson v. Reno,* 28 F.3d 26 (5th Cir.1994); *Best v. Kelly,* 309 U.S.App.D.C. 51, 39 F.3d 328, 330 (D.C.Cir.1994); *Williams v. Hill,* 878 F.Supp. 269 (D.D.C.1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his *Bivens* action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed,* 316 U.S.App. D.C. 78, 74 F.3d 1339 (D.C.Cir.1996); and *Zolicoffer v. FBI,* 884 F.Supp. 173 (M.D.Pa.1995). *See also Parris v. United States,* 45 F.3d 383 (10th Cir.)(*Heck v. Humphrey* applicable to suits brought under the Federal Tort Claims Act), *cert. denied,* 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995); and *Williams v. Hill, supra* (*Heck v. Humphrey* applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials).

■ The holding in *Heck v. Humphrey* is retroactive. *See Hooper v. Anderson,* 50 F.3d 14, 1995 WL 11082, *1 n. 1, 1995 U.S.App. LEXIS® 676, *4 n. 1, (9th Cir., January 10, 1995)(opinion on rehearing by panel; *Heck v. Humphrey* applies retroactively), *replacing* unpublished opinion reported in *Hooper v. Anderson,* 37 F.3d 1505 (9th Cir.1994); and *Smith v. Holtz, supra* (plaintiff's Rule 60(b) motion granted because of decision in *Heck v. Humphrey* ). Hence, even though the two

plaintiffs were convicted prior to the issuance of the opinion in *Heck v. Humphrey,* *Heck v. Humphrey* bars the above-captioned case (Civil Action No. 9:00–3937– 13AJ).

In any event, there have been no favorable terminations in the respective criminal cases for the two plaintiffs. The lead plaintiff, Ronald Rice, was convicted in *United States v. Ronald Eugene Rice,* Criminal No. 7:90–310–2, pursuant to a jury's verdict. On February 8, 1991, the Honorable G. Ross Anderson, Jr., United States District Judge, sentenced Ronald Rice to 480 months in prison on Count 2 (possession of crack cocaine with intent to distribute); life imprisonment on Count 1 (conspiracy to possession with intent to distribute crack cocaine); and 240 months on Count 3 (maintaining residence for distributing cocaine) and Count 4 (aiding and abetting). Ronald Rice's conviction and sentence were upheld on appeal in *United States v. Rice,* 976 F.2d 728, 1992 WEST-LAW® 240686 (4th Cir., September 29, 1992), *cert. denied, Stevens v. United States,* 507 U.S. 1056, 113 S.Ct. 1958, 123 L.Ed.2d 662 (1993).

On June 25, 1996, Judge Anderson, pursuant to a post-judgment motion, reduced Ronald Rice's term of imprisonment to 324 months. A copy of the docket sheet in Criminal No. 7:90–310–02 is on the left side of the case folder in the above-captioned case.

Plaintiff Mills was also convicted in his underlying criminal case pursuant to a guilty plea. *See United States v. Victory Mills,* Criminal No. 7:93–279–30. Plaintiff Mills is serving a 168–month sentence for conspiracy to possess with intent to distribute cocaine base. Plaintiff Mills did not file a direct appeal in Criminal No. 7:93–279–30, and has not filed a Section 2255 petition with respect to his conviction. A copy of the docket sheet in Criminal No.

7:93–279–30 is on the left side of the case folder.

This court may take judicial notice of the two plaintiffs' respective criminal cases. *Aloe Creme Laboratories, Inc. v. Francine Co.,* 425 F.2d 1295, 1296 (5th Cir.1970).

 In any event, many of the defendants in the above-captioned case are immune from suit. Prosecutors, including the Attorney General of the United States and her predecessors in office, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); and *Burns v. Reed,* 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547, 561–562 & n. 6 (1991). Moreover, prosecutorial immunity will extend to the direct appeal and the post-conviction (§ 2255) case. *See Bruce v. Wade,* 537 F.2d 850, 852 (5th Cir.1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir.1979)(prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger,* 772 F.2d 308, 314–315 & n. 7 (7th Cir.1985); and *Houston v. Partee,* 978 F.2d 362, 365–369 & nn. 3–4 (7th Cir.1992), *cert. denied, Partee v. Houston,* 507 U.S. 1005, 113 S.Ct. 1647, 123 L.Ed.2d 269 (1993).

 The current President of the United States and the former Presidents are immune from suits concerning their official acts. *Idrogo v. U.S. Army,* 18 F.Supp.2d 25 (D.D.C.1998). Secondly, under the "political question" doctrine, the United States District Court for the District of South Carolina cannot address the plaintiff's "CIA-related" claims because they primarily relate to foreign policy matters of the United States. *Goldwater v. Carter,* 444 U.S. 996, 1002–1006, 100 S.Ct. 533, 62 L.Ed.2d 428 (1979)(plurality opinion by Justice Rehnquist). The "political question" doctrine discountenances judicial interference with certain types of cases involving the other branches of the Government of the United States. *Baker v. Carr,* 369 U.S. 186, 211, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). In short, such claims presented by the plaintiff involve the authority of the President and other federal executive officials in the conduct of foreign relations. *Goldwater v. Carter, supra,* 444 U.S. at 1002–1003, 100 S.Ct. 533. *See also Dellums v. Bush,* 752 F.Supp. 1141 (D.D.C.1990). *See also Eckert International v. Government of the Sovereign Democratic Republic of Fiji,* 834 F.Supp. 167, 171 (E.D.Va.1993)(purpose of "political question" doctrine is "to prevent judicial pronouncements that would disrupt this country's foreign relations"), *affirmed, Eckert International v. Government of the Sovereign Democratic Republic of Fiji,* 32 F.3d 77 (4th Cir.1994). *Cf. Flast v. Cohen,* 392 U.S. 83, 97, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968)(federal judicial power usually limited to disputes capable of being resolved through judicial process); and *FCC v. Pacifica Foundation,* 438 U.S. 726, 735, 98 S.Ct. 3026, 57 L.Ed.2d 1073 (1978)("[F]ederal courts have never been empowered to issue advisory opinions.").

 The State of Arkansas is immune from suit. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend

to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

See Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522, 68 U.S.L.W. 4016 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636, 67 U.S.L.W. 4601 (1999)(Congress does not have the power under Article I to abrogate an unconsenting State's sovereign immunity to private suit for damages in state court, even if the cause of action aries under federal law); College Savings Bank v. Florida Prepaid Education Expense Board, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605, 67 U.S.L.W. 4590 (1999)(overruling the constructive waiver doctrine of Parden v. Terminal Railway, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); held: Trademark Remedy Clarification Act does not abrogate state sovereign immunity to suit in federal court because it was not enacted pursuant to Congress' enforcement power under Section 5 of the Fourteenth Amendment); College Savings Bank v. Florida Prepaid Education Expense Board, 527 U.S. 627, 119 S.Ct. 2199, 144 L.Ed.2d 575, 67 U.S.L.W. 4580 (1999)(Patent and Plant Variety Protection Remedy Clarification Act does not abrogate state sovereign immunity to suit in federal court because it is not appropriate remedial or preventive legislation under Section 5 of the Fourteenth Amendment); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)(invalidating Congressional attempt, under Indian Commerce Clause, to abrogate States' Eleventh Amendment immunity); Alabama v. Pugh, 438 U.S. 781, 782 & nn. 1–2, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); Will v. Michigan Department of State Police, 491 U.S. 58, 61–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Chittister v. Dept. of Community and Economic Development, 226 F.3d 223 (3rd Cir.2000)(applying Kimel v. Florida Board of Regents: State may not be sued under Family and Medical Leave Act [FMLA]); Bellamy v. Borders, 727 F.Supp. 247, 248–250 & nn. 2–3 (D.S.C.1989); Coffin v. South Carolina Department of Social Services, 562 F.Supp. 579, 583–585 (D.S.C.1983); Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808–809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F.Supp. 516, 517 (E.D.S.C.1961). See also Harter v. Vernon, 101 F.3d 334, 338–339 (4th Cir.1996), cert. denied, Vernon v. Harter, 521 U.S. 1120, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997); and Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Cf. Suarez Corporation Industries v. McGraw, 125 F.3d 222 (4th Cir.1997); City of Boerne v. Flores, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997)(Congress exceeded its authority in enacting Religious Freedom Restoration Act of 1993); and Printz v. United States, 521 U.S. 898, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997)(invalidating Brady Handgun Violence Act's provision that States conduct background checks on handgun purchasers). Cf. Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 120 S.Ct. 1858, 146 L.Ed.2d 836, 68 U.S.L.W. 4399 (2000)(a State is not a person for purposes of qui tam liability); and Principality of Monaco v. State of Mississippi, 292 U.S. 313, 54 S.Ct. 745, 78 L.Ed. 1282 (1934)(State immune from suit by foreign country), which is cited in Bar-

*ry v. Fordice*, 814 F.Supp. 511, 517 (S.D.Miss.1992)("The plaintiffs argue that the defendants' reliance on *Monaco* is misplaced. Unlike the instant litigation, in *Monaco*, the plaintiffs in *Monaco* brought an original action in the United States Supreme Court and named the State of Mississippi as a defendant. This distinction is irrelevant as to the issues before this court. Nothing in the *Monaco* opinion suggests that a different result would have occurred if the action had been filed originally in a district court rather than the Supreme Court. On the contrary, the Eleventh Amendment principles set forth in *Monaco* have been expressly relied upon in actions which were originally brought in federal district courts."), *affirmed*, 8 F.3d 1 (5th Cir.1993). *Cf. Pennhurst State School & Hospital v. Halderman*, *supra*, 465 U.S. at 121, 104 S.Ct. 900 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

### Recommendation

The Prison Litigation Reform Act authorizes a district court to dismiss a case, irrespective of whether a filing fee is paid, if the defendant is immune from suit. *See*

"new" 28 U.S.C. § 1915A. Since the current President of the United States, the former Presidents of the United States, the current Attorney General of the United States, and the former Attorney Generals of the United States are immune from suit, 28 U.S.C. § 1915A(b)(2) is applicable. **Hence, I recommend that the above-captioned case be dismissed *without prejudice* and be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g) as to both plaintiffs.[2]** *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202–204 & n. * (4th Cir.1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535, 1993 WL 192754 (4th Cir.1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Summary dismissal of the above-captioned case makes it unnecessary to address matters relating to a filing fee.[3]

---

**2.** *See also* 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his or her case in advance after he or she has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* As discussed above under *Heck v. Humphrey*, *supra*, a prisoner must show that his or her conviction or sentence has been reversed or vacated before he or she can recover in tort for the unlawful conviction or sentence. Where, as here, the conviction or sentence has not been overturned, the inmate's constitutional tort action under § 1983 or the *Bivens* doctrine must be dismissed. Several courts have held that a dismissal under *Heck* constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g). *See Sandles v. Randa,*

945 F.Supp. 169 (E.D.Wis.1996); *Sanders v. DeTella*, 1997 WL® 126866 (N.D.Ill., March 13, 1997)(unpublished); and *Grant v. Sotelo*, 1998 WL® 740826, 1998 U.S.Dist. LEXIS® 16798 (N.D.Tex., October 19, 1998)(unpublished). *See also Adepegba v. Hammons*, 103 F.3d 383, 384 (5th Cir.1996)(noting that district court dismissed a claim as frivolous under *Heck* and declining to address the propriety of the district court's dismissal because plaintiff had not exhausted his appeal) and *cf. Okoro v. Bohman*, 164 F.3d 1059, 1061–1064 (7th Cir.1999). Thus, the undersigned concludes that, even aside from the doctrines of Presidential immunity and prosecutorial immunity, this action is frivolous under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a "strike" under this statute.

**3.** Part III(C) of the General Order issued in Misc. No. 4:96–MC38–2 (DSC, June 20, 1996)

Although the plaintiffs are convicted drug offenders, not tax protesters, the rationale of the tax protester cases indicates that United States District Courts must be vigilant in preventing the filing of frivolous claims. *See United States v. Reeves,* 782 F.2d 1323 (5th Cir.), *cert. denied, Reeves v. United States,* 479 U.S. 837, 107 S.Ct. 136, 93 L.Ed.2d 79 (1986). In a case filed by a prisoner at FCI–Jesup, *Brinston Wilson v. Henry M. Herlong, Jr., United States District Judge; David C. Stephens, Assistant United States Attorney; Scott Peterman, ATF Agent; William J. Clinton; President; George Bush, Ex–President; Ronald Reagan, Ex–President; Al Gore, Vice–President; Dan Quayle, Ex–Vice–President; Spiro T. Agnew, Ex–Vice–President; Newton Gingrich, Speaker of the House; Pat Buchanan, Presidential Candidate; Bob Dole, "U.S. Senator[;]" Strom Thurmond, Senator; Jesse Helms, Senator; Ernest Hollings, Senator; Arthur Ravenel, Jr., "U.S. Representative[;]" Floyd Spence, Representative; Bob Inglis, Representative; Butler Derrick, Representative; John Spratt, Representative; Tom Lantos, Representative; Peter T. King, Representative; J.C. Watts, Representative; Gary Watts, Representative; Gary Franks, Representative; William Beasley, Governor of South Carolina; Carroll Campbell, Ex–Governor of South Carolina; Richard Riley, Ex–Governor of South Carolina; James Edwards, Ex–Governor of South Carolina; Janet Reno, "U.S. Attorney General[;]" William Barr, Ex–Attorney General; Richard Thornburg, Ex–Attorney General; Edwin Meese, Ex–Attorney General; William French Smith, Ex–Attorney General; Griffin Bell, Ex–Attorney General; Edward Levi, Ex–Attorney General; William B. Saxon, Ex–Attorney General; Richard Kleindienst, Ex–Attorney General; John Mitchell, Ex–Attorney General; Eleanor Acheson, Assistant U.S. Attorney General; Philip Heyman, Deputy U.S. Attorney General; Jamie Groelick, Ex–Deputy U.S. Attorney General; Webster H. Hubble, Ex–Deputy U.S. Attorney General; Louis Freech, Director of FBI; William Steele Sessions, Ex–Director of FBI; William Casey, "Ex–Director/FBI[;]" Sam J. Ervin, Chief Judge of USCA, 4th Circuit; Donald Russell, Judge; Preston Strom, Jr., United States Attorney; Albert Q. Taylor, Attorney; James W. Duckett, Chief Probation Officer; James W. Brown, Supervisor of U.S. Probation Office; R. Stephens Anders, U.S. Probation Officer; Charlie Flowers, Chief of Belmont City Police; William Jolly, Former Sheriff of Union County; Russel Rourke, Chief of Union City Police; William F. Gault, Officer of Union City Police; Earl Gilliam, Officer of Union City Police; and Torrence Watson, of the Belmont City Police,* Civil Action No. 6:96–2340–13AK, a federal prisoner sought to file liens against various federal officials because of his federal conviction in a criminal case. Many of the defendants had no connection whatsoever with that federal prisoner's criminal case. In Civil Action No. 6:96–2340–13AK, the Honorable William M. Catoe, United States Magistrate Judge, recommended summary dismissal of the liens purportedly filed by the federal prisoner against federal officials. Magistrate Judge Catoe also recommended that the federal prisoner's good time credits be revoked because of the attempt to file liens. This court

---

allows this court to dismiss a case under "new" 28 U.S.C. § 1915A:

(C) If the Magistrate Judge determines that the case is subject to dismissal under "new" 28 U.S.C. § 1915A or is subject to dismissal for lack of subject-matter jurisdiction, it is not necessary for the Magistrate Judge or a District Judge to consider issues relating to the filing fee(s).

may take judicial notice of Civil Action No. 6:96–2340–13AK. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir.1970).

It is also readily apparent that the above-captioned case is malicious and intended to harass. *See* Section 809 of the Prison Litigation Reform Act, which is codified at the "second" 28 U.S.C. § 1932:

> In any civil action brought by an adult convicted of a crime and confined in a Federal correctional facility, the court may order the revocation of such earned good time credit under section 3624(b) of title 18, United States Code, that has not yet vested, if, on its own motion or the motion of any party, the court finds that—
>
> (1) the claim was filed for a malicious purpose;
>
> (2) the claim was filed solely to harass the party against which it was filed; or
>
> (3) the claimant testifies falsely or otherwise knowingly presents false evidence or information to the court.

28 U.S.C. § 1932 ("second").[4] **Hence, it is also recommended that the District Court, pursuant to the Section 809 of the Prison Litigation Reform Act, revoke each plaintiff's good time credits (if any) that have not yet vested in the Federal Bureau of Prisons.** *See* the final order, which was filed on September 30, 1996, of the Honorable G. Ross Anderson, Jr., United States District Judge, in *Brinston Wilson v. Henry M. Herlong, Jr., et al.*, Civil Action No. 6:96–2340–13AK, wherein Brinston Wilson's non-vested good time was revoked. See also the Order issued in *Darrell W. Samuel v. William J. Clinton, et al.*, Civil Action No. 3:99–2950–

19BC, by the Honorable Dennis W. Shedd, United States District Judge, on November 30, 1999. Judge Shedd's Order in Civil Action No. 3:99–2950–19BC was affirmed by the Court of Appeals in *Samuel v. Clinton*, 217 F.3d 840, 2000 WEST-LAW® 791161 (4th Cir., June 20, 2000)(affirming revocation of federal prisoner's non-vested good time credits). If the District Court accepts this recommendation to revoke each plaintiff's good time credit(s), it is recommended that the District Court direct the United States Attorney for the District of South Carolina to notify the Federal Bureau of Prisons that each plaintiff's non-vested good time credits have been revoked. Each plaintiff's attention is directed to the notice on the next page.

Dec. 27, 2000.

---

**4.** As the apparent result of a drafting error in the Congress, there are two statutes codified at 28 U.S.C. § 1932: the first concerns multi-district litigation and the second concerns revocation of good time credits for federal prisoners.