**Scott Andrew WITZKE, Plaintiff,**

v.

**Steve HILLER, et al., Defendant.**

**Civil Action No. 96–40284.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 18, 1997.

Scott Andrew Witzke, Bradford, PA, pro se.

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

GADOLA, District Judge.

Before the court is plaintiff, Scott Andrew Witzke's ("Witzke"), motion for reconsideration of this court's May 20, 1997 *sua sponte* order dismissing plaintiff's complaint. *See Witzke v. Hiller et al.*, 966 F.Supp. 538 (E.D.Mich.1997). In that order, this court applied the "three strikes" provision of

---

§ 1915(g) of the Prisoner Litigation Reform Act of 1995 ("PLRA") to the instant 42 U.S.C. § 1983 plaintiff and held that his *in forma pauperis* ("IFP") complaint mandated dismissal.

Witzke initially filed the instant motion for reconsideration on June 3, 1997 challenging the cases upon which this court relied in finding that Witzke had "struck out," i.e. the civil actions which this court deemed were frivolous for purposes of § 1915(g), as well as the constitutionality of § 1915(g). Thereafter, on June 5, 1997, this court ordered plaintiff to list all prior civil actions or appeals filed in federal court while being incarcerated.[1] On July 22, 1997, Witzke filed an amended reply to this court's June 5, 1997 order and an amended motion for reconsideration.[2] In that filing, Witzke acknowledges "that he has filed, while detained or incarcerated, at least three civil actions or appeals * which have been dismissed for failure to state a claim upon which relief could be granted and/or for being 'frivolous' * . . . ." (footnotes omitted). Accordingly, Witzke concedes that he is "subject to the 'three strikes' provision of § 1915(g)." Witzke, however, in his amended motion for reconsideration, renews his constitutional challenge to § 1915(g).

■ The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from correction thereof." L.R. 7.1(h)(3) (E.D.Mich. Jan. 1, 1992). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest or plain. Webster's New World Dictionary 974 (3rd Ed. 1988). The Local Rules also provide that any motion for reconsideration which merely presents the same issues relied upon by the court, either expressly or by reasonable implication, shall be denied. L.R. 7.1(h)(3) (E.D.Mich. Jan. 1, 1992).

■ Witzke, however, fails to meet his burden under L.R. 7.1(h)(3). Witzke primarily relies on *Lyon v. Del Vande Krol,* 940 F.Supp. 1433 (S.D.Iowa 1996), an Iowa case wherein the court held that § 1915(g) violated the equal protection clause of the Fifth Amendment. *Id.* at 1436. That case is apparently on appeal before the Eighth Circuit[3] and, in any event, is of course not binding on this court.[4]

However, the circuit courts that have either expressly, or by implication, addressed the constitutionality of § 1915(g) have upheld its constitutionality. *See Carson v. Johnson,* 112 F.3d 818, 821 (5th Cir.1997) *cert. denied* —— U.S. ——, 117 S.Ct. 1711, 137 L.Ed.2d 835 (1997) (finding that § 1915(g) does not block access to the courts, "it merely prohibits [a plaintiff] from enjoying IFP status. He still has the right to file suits if he pays the full filing fees in advance, just like everyone else."); *Abdul–Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir.1996) (finding that application of 1915(g) was not impermissibly retroactive.)

The Sixth Circuit, while not squarely addressing the constitutionality of § 1915(g) has certainly, by clear implication, indicated that it would so hold and has, in fact, applied it without questioning its constitutionality. For instance, in *Hampton v. Hobbs,* 106 F.3d 1281 (6th Cir.1997), the Court expressly found the fee provisions of § 1915 of the PLRA to be constitutional. In so doing, the Court stated: "The legislation was aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless— and the corresponding burden those filings

---

1. Witzke makes an argument, in passing, that he is not required to make such a disclosure; however, the present *in forma pauperis* application specifically requires that information.

2. To the extent that Witzke's response to the June 5, 1997 order is untimely, this court will grant Witzke leave to file the same.

3. Witzke represents that the appeal is docketed as Nos. 96–3752 and 96–3754.

4. Notably, the *Lyon* court found that "strict scrutiny" was the appropriate standard of review while the Sixth Circuit has already held that "neither prisoners nor indigents are a suspect class" and therefore the Act's requirements must only be "rationally related" to a legitimate government interest. *See Hampton v. Hobbs, infra,* 106 F.3d 1281, 1286 (6th Cir.1997).

have placed on the federal courts." *Id.* at 1286. There is no reason to doubt that the Sixth Circuit would use the same reasoning if it addressed the constitutionality of § 1915(g).

Moreover, in two unpublished opinions, the Sixth Circuit applied § 1915(g) without even a suggestion that it might be unconstitutional. *See, e.g., Davis v. Harber,* 1997 WL 243430 (6th Cir. May 9, 1997) (applying § 1915(g) to dismiss plaintiff's appeal); *Kincade v. Sparkman,* 117 F.3d 949, 1997 WL 348837 (6th Cir. June 26, 1997) (holding that habeas petitions do not count as a "civil action" for purposes of applying § 1915(g)).

As such, this court finds that Witzke has not demonstrated any palpable defect in this court's May 20, 1997 *sua sponte* order of dismissal. Alas, there is no joy in "Mudville," for the "Mighty" Witzke has struck out.

**THEREFORE, IT IS HEREBY ORDERED** that plaintiff SCOTT ANDREW WITZKE's motion for reconsideration, pursuant to L.R. 7.1(h)(3), filed on June 3, 1997 and amended on July 22, 1997, is **DENIED.**

**SO ORDERED.**