**Willie S. MERRIWEATHER, Plaintiff,**

v.

**Cecilia REYNOLDS, Warden of Kershaw Correctional Institution; Jon E. Ozmint, Director of SCDC; Dennis Patterson, Director of Inmate Records State Classification SCDC; Linda M. Coley, LPN; Doris A Cooke, of Medical Health Cares; Lt. James Jefferson,**

**of Kershaw Correctional Institution; Cheryl Long, Case Manager; Jeanie Baker; James Wakeley; and Teresa Levy, in their individual and official capacities for money damages, Defendants.**

**C.A. No. 2:07–3418–PMD–RSC.**

United States District Court,
D. South Carolina.

May 11, 2008.

---

Willie S. Merriweather, Kershaw Correctional Institution, Kershaw, SC, pro se.

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon the recommendation of the Magistrate Judge to dismiss the Plaintiff's above-captioned case without prejudice and without issuance of service of process. The record contains a Report and Recommendation ("R & R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied

---

**1.** Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

party may object, in writing, to an R & R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On March 21, 2008, Plaintiff filed timely objections to the R & R.

## BACKGROUND

Plaintiff ("Plaintiff" or "Merriweather") is an inmate with the South Carolina Department of Corrections ("SCDC") serving a nine-year sentence of imprisonment for second-degree burglary (non-violent) at the Kershaw Correctional Institution. Plaintiff is proceeding *pro se.* On October 18, 2007, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The "Statement of Claim" portion of Plaintiff's Complaint reveals that this civil rights action arises out of: the use of pepper spray on the Plaintiff on February 13, 2006; an institutional disciplinary charge that adversely affected the Plaintiff's parole hearing; the Plaintiff's custody level; SCDC's failure to grant the Plaintiff's request for transfer to another SCDC prison; and SCDC prison disciplinary proceedings. Plaintiff seeks deletion of administrative disciplinary charges, dismissal of his pending criminal charges in Georgia and South Carolina, restoration of all privileges and good time credits, and $ 2,000,000 for the alleged damages to his eyes from the pepper spray, further unspecified damages for emotional distress, and injunctive relief against SCDC personnel.

The Magistrate Judge filed an R & R on November 19, 2007, recommending that this Court (1) deny Plaintiff's request to proceed without prepayment of filing fee and (2) dismiss Plaintiff's Complaint without prejudice because Plaintiff has filed more than three frivolous cases in this Court and did not sufficiently allege immi-

nent danger of serious physical injury to permit him to proceed *in forma pauperis.* Following the Magistrate Judge's R & R, Plaintiff filed fifteen written objections, and also filed a Motion to Amend his Complaint. Although he submitted no Amended Complaint, this court granted his Motion to Amend on February 25, 2008.

Plaintiff filed an Amended Complaint on March 10, 2008. The matter was once again referred to the Magistrate Judge, who issued another R & R to this court on March 12. The R & R once again recommended that Plaintiff's case be dismissed without prejudice or service of process because Plaintiff has filed more than three frivolous cases in this Court and did not sufficiently allege imminent danger of serious physical injury *in forma pauperis.* Plaintiff filed timely Objections to the R & R on March 21.

## STANDARD OF REVIEW

■ The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber,* 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court reviews *de novo* those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## ANALYSIS

In his R & R, the Magistrate Judge judicially noted that Plaintiff has filed more than three (3) prior frivolous cases in this court;[2] therefore, under the "three-

---

2. The cases in which the Magistrate Judge found that "strikes" have been entered against the plaintiff are Civil Action No. 8:97–2082–PMD–WMC, Civil Action No. 6:97– 2132–PMDWMC, Civil Action No. 6:97–3149– PMD–WMC, Civil Action No. 6:97–3150– PMD–WMC, and Civil Action No. 6:97–3178– PMD–WMC.

strikes" rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g),[3] Plaintiff is barred from pursuing any of the claims contained in his Complaint without first either (1) pre-paying the $350.00 filing fee or (2) demonstrating that he is under imminent danger of serious physical injury. The Magistrate Judge found that Plaintiff had not alleged that he was "under imminent danger of serious injury" and therefore did not qualify for this limited exception to § 1915(g) of the PLRA. Accordingly, the Magistrate Judge recommended that Plaintiff's claim be summarily dismissed without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(g).

A party may object, in writing, to a R & R within ten days after being served with a copy of that report. 28 U.S.C. 636(b)(1). In the present case, Plaintiff did file a voluminous document of twenty-six (26) itemized Objections to the Magistrate Judge's R & R. For the most part, Plaintiff's Objections are not directly related to the legal issue at hand, and most of them border on incomprehensibility.

■ Several of the objections simply state a bare objection to the findings of the Magistrate Judge without explaining why Plaintiff believes a particular part of the R & R is incorrect. Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for such objections. 28 U.S.C. § 636(b)(1). Generally stated, nonspecific objections have the same effect as would a failure to object. *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Accordingly, such Objections will not survive dismissal.

Other of Plaintiff's Objections essentially simply restate his original grievances and reasons for filing the § 1983 Complaint. Plaintiff's Objections discuss that he believes he was unlawfully deprived of his "good time" credit, he was illegally transferred to another facility, he was denied segregation when he requested it, and he is being unfairly charged with crimes in several jurisdictions. Plaintiff also discusses the damages and remedies he is seeking in the action. However, these are not specific objections to the Magistrate Judge's recommendation to this court, which was focused on Plaintiff's failure to demonstrate that he was in imminent danger of serious physical injury. Since these Objections do not object to the Magistrate Judge's reasoning in the R & R, such Objections are not a reason for this court to hold that Plaintiff's actions should survive dismissal.

Another category of Objections filed by Plaintiff objects to the Magistrate Judge's characterization of certain facts of the case as stated in the R & R. However, none of these allegedly incorrect factual statements (e.g., giving the incorrect name of a corrections officer, misstating the rank of another corrections officer) are material to the question of whether Plaintiff has shown the court that he is in imminent danger of serious physical injury. Accordingly, these Objections have no impact on the legal issue before the court, and are not a reason for the court not to dismiss Plaintiff's § 1983 suit.

---

3. *28 U.S.C. § 1915(g) provides,*
in no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facili-
ty, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

In the entirety of Plaintiff's Objections, the court can only discern two actual, specific Objections to the legal recommendations of the Magistrate Judge.

First, Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff is, in fact, subject to the PLRA's "three strikes" provision. (Pl.'s Objections ¶ 1.) Plaintiff asserts that he has alleged emotional injuries, and therefore his claim is not barred under 28 U.S.C. § 1915(g). Plaintiff cites no legal authority for this interpretation of § 1915(g). In fact, Plaintiff is incorrect, and courts have specifically held that where a prisoner is alleging emotional damages, but has not shown that they are in imminent danger of physical harm, they can still be barred by the PLRA's "three strikes" provision. *See, e.g., Thompson v. Gibson,* 289 F.3d 1218 (10th Cir.2002).

Finally, Plaintiff objects to the Magistrate Judge's finding that he has not alleged that he is in imminent danger of physical harm. (Pl.'s Objections ¶¶ 11, 13, 20.) In order to make a valid allegation of imminent danger of physical harm, the danger must exist at the time the complaint is filed. *Malik v. McGinnis,* 293 F.3d 559 (2d Cir.2002); *Abdul–Akbar v. McKelvie,* 239 F.3d 307 (3d Cir.2001); *Medberry v. Butler,* 185 F.3d 1189 (11th Cir.1999); *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir.1998). It is not sufficient to allege that one had been pepper sprayed on one occasion in the past. *McKelvie,* 239 F.3d 307. Nor is it sufficient to allege that one was in the past deprived of the appropriate medical care. *Abdul–Wadood v. Nathan,* 91 F.3d 1023 (7th Cir.1996). Claims of this type could only be sufficient to show that one is in imminent danger of physical harm if the offensive behavior was so continuous or systematic as to give the court legitimate reason to believe that it was likely to persist. Here, Plaintiff did not allege in his complaint that the offen-

sive behavior was so continuous that he was still in danger, thus the court concludes that his complaint did not allege that he was in imminent danger of physical harm.

However, in is Objections, Plaintiff alleges that there is a "serious of retaliation of continue threat's to my life," asserts that "I have enemies here at Kershaw every since the 2006, Feb 13 incident," and finally claims that he is in danger from prison gangs and that SCDC personnel have threatened to put him in a pink jumpsuit. However, unsupported, vague, self-serving, conclusory speculation is not sufficient to show that Plaintiff is, in fact, in imminent danger of serious physical harm. *See e.g., White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir.1998). *See also Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). Plaintiff has not alleged to this court why he is in such danger, from whom, and any factual allegations that would give this court any reason to believe that he is actually in such danger. If pro se prisoners were allowed to get around § 1915(g) simply by claiming that they were in imminent danger of physical harm without providing the court with any substantial supporting allegations, it would completely defeat the purpose of § 1915(g). This is precisely what Plaintiff is attempting to do in the present case. Accordingly, Plaintiff's broad allegations of danger contained in his Objections are insufficient to survive the dismissal of this action.

## CONCLUSION

For the foregoing reasons, the court adopts the Magistrate Judge's recommendation that Merriweather's Complaint be dismissed without prejudice because he failed to pay the full filing fee or demon-

strate an imminent danger of serious physical injury.

### AND IT IS SO ORDERED.

### Report and Recommendation

ROBERT S. CARR, United States Magistrate Judge.

### *Background of this Case*

The plaintiff is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections (SCDC). The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff is serving a nine-year sentence for second-degree burglary (non-violent). The plaintiff's projected release date is February 3, 2011, but the plaintiff is eligible for parole on May 9, 2008.

This civil rights action is before the undersigned United States Magistrate Judge on remand from the District Court. In a Report and Recommendation filed in this case on November 19, 2007, the undersigned recommended that the above-captioned case be dismissed *without prejudice* and without issuance and service of process because the plaintiff, who is "struck out" under the Prison Litigation Reform Act's "three strikes" rule, was not in imminent danger of serious physical injury.

The plaintiff was advised of his right to file timely written objections to the Report and Recommendation. The plaintiff filed timely written objections and later filed a motion to amend. On February 25, 2008, the Honorable Patrick Michael Duffy, United States District Judge, granted the motion to amend and remanded the matter to the undersigned. On March 10, 2008, the plaintiff filed his amended complaint.

The plaintiff has brought suit against various officials of the Kershaw Correctional Institution and the South Carolina Department of Corrections. The "STATEMENT OF CLAIM" portion of the amended § 1983 complaint reveals that this civil rights action arises out of the failure to provide medical care to the plaintiff in 2006, an allegedly illegal transfer of the plaintiff to the Turbeville Correctional Institution in 2006, the use of "gas" (chemical munition) against the plaintiff in 2006, which allegedly injured the plaintiff's eyes, the changing of information in the plaintiff's SCDC institutional record in 2007, criminal charges brought against the plaintiff in Edgefield County and in Richmond County (Augusta), Georgia, in 2005,[1] and prison disciplinary proceedings in October of 2007. In his prayer for relief, the plaintiff seeks deletion of administrative disciplinary charges, dismissal of his pending criminal charges in Georgia and in South Carolina, restoration of his privileges and good time credits, and $2,000,000 for the loss of vision caused by the use of the gas (chemical munition), damages for emotional distress, and injunctive relief.

### *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 324–325, 109 S.Ct.

---

1. Some of the plaintiff's numerous exhibits refer to a criminal charge brought in Richmond County (Augusta), Georgia, in April of 2005. The charge was possession of a firearm by a convicted felon.

2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1827, 104 L.Ed.2d 338 (1989); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nasim v. Warden, Maryland House of Correction,* 64 F.3d 951 (4th Cir.1995) (*en banc*), *cert. denied,* 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983); *Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir.1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead,* 582 F.2d 1291 (4th Cir.1978), *cert. denied, Moffitt v. Loe,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980); and *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (*per curiam*); *Hughes v. Rowe,* 449 U.S. 5, 9–10 & n. 7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (*per curiam*); and *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York,* 529 F.2d 70, 74 (2d Cir.1975). Even under this less stringent standard, the amended § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services,* 901 F.2d 387 (4th Cir.1990).

■ The above-captioned case is subject to dismissal under the so-called "three strikes" rule in the Prison Litigation Reform Act. It can be judicially noticed that the plaintiff has filed more than three prior frivolous cases in this court. *See, e.g.,* 28 U.S.C. § 1915(g); and *Green v. Nottingham,* 90 F.3d 415, 417–420 (10th Cir.1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively). The cases in which "strikes" have been entered against the plaintiff are Civil Action No. 8:97–2082–PMD–WMC, Civil Action No. 6:97–2132–PMD–WMC, Civil Action No. 6:97–3149–PMD–WMC, Civil Action No. 6:97–3150–PMD–WMC, and Civil Action No. 6:97–3178–PMD–WMC. *See* Order (Entry No. 89) of March 21, 2000, by the Honorable Patrick Michael Duffy, United States District Judge, in *Willie Merriweather v. Michael Moore, et al.,* Civil Action No. 6:97–2132–PMD–WMC, at pages 7–8 & n. 3.

This court may take judicial notice of Civil Action No. 6:97–2132–PMD–WMC and the other cases in which strikes have been entered. *Aloe Creme Laboratories, Inc. v. Francine Co.,* 425 F.2d 1295, 1296 (5th Cir.1970). *See also Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' "); *Mann v. Peoples First National Bank & Trust Co.,* 209 F.2d 570, 572 (4th Cir.1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker,* 956 F.2d 169, 171 (8th Cir.1992).

---

**3.** *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d) ], as "frivolous").

It must also be noted that the "three-strikes" rule is a Congressional enactment that applies nationwide, and was not a judicially-created rule. The Congress, however, has determined that prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F.Supp. 51, 55 & n. 6 (D.D.C.1973) (*paraphrasing* Job 1:21 (Authorized Version of 1611 ["King James" version]): "When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away."). Even so, this case is not the first instance where new laws have affected plaintiffs. *See also* statutes changing altering statutes of limitations, such as those at issue in the case entitled *In re TMI* [Three–Mile Island Litigation], 89 F.3d 1106 (3rd Cir. 1996), *cert. denied, Aldrich v. General Public Utilities Corp.*, 519 U.S. 1077, 117 S.Ct. 739, 136 L.Ed.2d 678 (1997) (upholding amendments to Price–Anderson Act retroactively applying two year limitations period to plaintiffs who filed suit under then-applicable six-year statute of limitations). *Cf. Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283 (9th Cir.1997) ("Congress giveth and it taketh away."); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir.1993) ("As Congress giveth, Congress taketh away."); and *Mirabal v. GMAC*, 537 F.2d 871 (7th Cir.1976).[4] The plaintiff, however, is clearly subject to the Prison Litigation Reform Act (PLRA) because the amended complaint was filed more than eleven years after the enactment of the PLRA on April 26, 1996.

The Congress has determined that prisoners subject to the "three strikes" rule have no remedy for actions that do not place them under the imminent danger of serious physical injury. *See Banos v. O'Guin*, 144 F.3d 883 (5th Cir.1998) (to avoid bar under imminent danger exception to "three-strikes" provision, prisoner must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint):

> The district court found that Banos had filed at least four prior actions that had been dismissed as frivolous, that he had not alleged that he was in imminent danger of serious bodily injury and therefore dismissed his complaint pursuant to 28 U.S.C. § 1915(g). The dismissal order does not mention Banos' allegation of "immediate physical injury."

Banos filed a notice of appeal and an application to proceed IFP on appeal. The magistrate judge assessed a partial filing fee and allowed Banos to proceed IFP on appeal.

## ANALYSIS

The district court's determination that § 1915(g) bars Banos from proceeding IFP in a civil action seems incongruous with the grant of leave to appeal IFP. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

---

4. Unrelated portions of the holding in *Mirabal v. GMAC*—whether interest rate increases constituted new transactions and how many recoveries were allowed for separate violations of the Truth in Lending Act—were superannuated by statutory changes made to the Truth in Lending Act in 1980. *See* the Truth in Lending Simplification and Reform Act of 1980, 94 U.S. Stat. 168 (1980), which is cited in *Brown v. Marquette Savings and Loan Assn.*, 686 F.2d 608 (7th Cir.1982), which overruled, in part, *Mirabal v. GMAC*.

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court did not err in finding, and Banos does not contest the fact, that he has had at least three dismissals on the basis of frivolousness. *See Banos v. Caldwell,* No. 97–40186, 1997 WL 33826423 (5th Cir. Aug. 15, 1997) (unpublished); *Banos v. Gail,* No. 97–40466, 1997 WL 33829134 (5th Cir. Aug. 15, 1997) (unpublished); *Banos v. Brown,* No. 97–40468, 1997 WL 33829133 (5th Cir. Aug. 15, 1997) (unpublished).

In light of these three "strikes," Banos cannot proceed on appeal IFP unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (1996). This case requires us to determine what showing must be made by a plaintiff who asserts that he should be allowed to proceed IFP because he is in imminent danger of serious physical injury. The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP. See § 1915(g).

The only other circuit that has addressed this issue came to a different conclusion. The Third Circuit, in *Gibbs v. Roman,* 116 F.3d 83 (3rd Cir.1997), held that an inmate filing a complaint pursuant to § 1915(g) must allege imminent danger at the time of the alleged incident that serves as the basis of the complaint rather than at the time the complaint was filed. *Gibbs,* 116 F.3d at 86. We read the statute to require the inquiry concerning the prisoner's danger to be made at the time of the IFP motion.

In revising § 1915, the 104th Congress intended to discourage the filing of frivolous IFP law suits. *See* H.R.REP., No. 104–21, § 202, at 22 (1995). Congress designed the new IFP provision to require every IFP litigant to pay the requisite filing fees in full. 28 U.S.C. § 1915(b). However, IFP status allows an indigent litigant to make periodic partial payments as his ability to pay allows and does not require full payment before the litigation goes forward. *Id.* If a litigant abuses the IFP privilege, as evidenced by three "strikes" (dismissals for frivolousness), § 1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid in full. * * * When such a delay threatens "imminent danger of serious physical injury," the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations. In order to implement this statutory scheme, we must determine if danger exists at the time the plaintiff seeks to file his complaint or notice of appeal IFP. Likewise, the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.

Applying this standard to Banos, we conclude that he is not entitled to proceed with this appeal IFP. He has not alleged, much less established, that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed. We therefore REVOKE his IFP status and dismiss his appeal. The appeal may be reinstated if Banos pays the appeal fees within thirty days of this dismissal.

*Banos v. O'Guin,* 144 F.3d at 884–885 (footnote omitted from quotation). *See also Witzke v. Hiller,* 966 F.Supp. 538, 539 (E.D.Mich.1997) (district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied,* 972 F.Supp. 426 (E.D.Mich.1997).

■ Although the use of pepper spray or a chemical munition on an inmate is, depending on the circumstances, a facially-valid civil rights claim, *Williams v. Benjamin,* 77 F.3d 756 (4th Cir.1996), the use of the pepper spray took place more than two years before the plaintiff signed the amended complaint on February 29, 2008. *See Banos v. O'Guin,* 144 F.3d at 884–85 (in order to meet the "imminent danger of serious physical injury" exception to the three-strikes rule, the danger alleged must be imminent at the time that the plaintiff files complaint); *Malik v. McGinnis,* 293 F.3d 559, 562–63 (2nd Cir.2002); and *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir.1998) (allegations that prisoner has faced imminent danger in the past are insufficient to trigger an exception to § 1915(g)). In other words, the use of pepper spray—approximately two years ago—did not place the plaintiff under imminent danger of serious physical injury on February 29, 2008.

■ Moreover, the alleged verbal harassment, which is expressly alleged in the original complaint and alluded to in the amended complaint, does not constitute the violation of any federally protected right. *See Aziz Zarif Shabazz v. Pico,* 994 F.Supp. 460, 474 (S.D.N.Y.1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."). *See also Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir. 1991) ("Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest."), *cert. denied, Pittsley by Pittsley v. Warish,* 502 U.S. 879, 112 S.Ct. 226, 116 L.Ed.2d 183 (1991).

■ The plaintiff is not entitled to have his classification and custody level "lowered" or to receive a transfer to another SCDC prison. There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Ange v. Paderick,* 521 F.2d 1066 (4th Cir. 1975); and *Lyons v. Clark,* 694 F.Supp. 184, 187 (E.D.Va.1988) (collecting cases), *affirmed,* 887 F.2d 1080 (4th Cir.1989) [Table]. In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson,* 726 F.2d 1015, 1016–1017 & n. 1 (4th Cir. 1984) (collecting cases).

It is known from other cases previously decided in this judicial district that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See, e.g.,* the order of the Honorable Henry M. Herlong, Jr., United States District Judge, in *Keeler v. Pea,* 782 F.Supp. 42, 43–44 (D.S.C.1992), *citing Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). *See also Vice v. Harvey,* 458 F.Supp. 1031, 1034 (D.S.C.1978). In fact, it is well settled that the placement of inmates into administrative segregation

units or similar units is a valid of means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick,* 760 F.Supp. 524, 528 (D.Md.1991). *See also Hewitt v. Helms,* 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) ("The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); *Anderson v. County of Kern,* 45 F.3d 1310, 1312 (9th Cir.1995) (prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"), *rehearing denied,* 75 F.3d 448 (9th Cir.1995), *cert. denied, County of Kern v. Anderson,* 516 U.S. 916, 116 S.Ct. 306, 133 L.Ed.2d 210 (1995); and *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"). Under the aforementioned cases, the plaintiff cannot obtain a federal court order transferring him from the Kershaw Correctional institution to another prison or a federal court order lowering his SCDC custody level.

Although prison disciplinary proceedings are cognizable under 42 U.S.C. § 1983 pursuant to the holding in *Muhammad v. Close,* 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004), the prison disciplinary proceedings in October of 2007 did not place the plaintiff in danger of imminent danger of serious physical injury on February 29, 2008, when he signed the amended complaint. Finally, although the plaintiff's claims relating to the criminal charges in Edgefield County are facially cognizable pursuant to the Supreme Court's holding in *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), none of the named defendants are connected with the Solicitor's Office of the Eleventh Judicial Circuit or the Court of General Sessions for Edgefield County. In other words, since the officials of the South Carolina Department of Corrections and the Kershaw Correctional Institution are not employed by the Solicitor's Office of the Eleventh Judicial Circuit or the Court of General Sessions for Edgefield County, and have not been personally involved in the plaintiff's criminal case, liability under § 1983 may not be imposed upon them. *See Wilson v. Cooper,* 922 F.Supp. 1286, 1293 (N.D.Ill.1996); and *Campo v. Keane,* 913 F.Supp. 814, 825 & n. 11 (S.D.N.Y.1996). *See also Horton v. Marovich,* 925 F.Supp. 540, 543 (N.D.Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley,* 2007 U.S.Dist. LEXIS 54010, 2007 WL 2156632, *2, 2007 WL 2156632 (D.S.C. July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich* ). Similarly, the South Carolina defendants in the above-captioned case cannot be held liable for actions of the District Attorney for Richmond County, Georgia, with respect to the charge of possession of a firearm by a convicted felon.

The plaintiff is not entitled to compensatory damages for emotional stress. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims. *See Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir.1985),

 

*rehearing denied,* 779 F.2d 1129 (5th Cir. 1986), *cert. denied, City of Borger v. Grandstaff,* 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987); and *Rodriguez v. Comas,* 888 F.2d 899, 903 (1st Cir.1989). *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983. This provision is now codified at 42 U.S.C. § 1997e(e), and has been held to be constitutional. *See Zehner v. Trigg,* 952 F.Supp. 1318 (S.D.Ind.1997), *affirmed,* 133 F.3d 459, 463 (7th Cir.1997) ("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [*Metro–North Commuter R.R. v. Buckley,* 521 U.S. 424, 117 S.Ct. 2113, 138 L.Ed.2d 560 (1997) (Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners. This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe,* 998 F.2d 201, 202–204 & n. * (4th Cir.1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. I also recommend that the District Court **deny** the plaintiff's motion to quash (Entry No. 31)

and the plaintiff's motion for summary judgment (Entry No. 30).