<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 18a0586n.06

Case No. 17-2185

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHARLES QUATRINE, JR., | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | Nov 26, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MARY BERGHUIS, Warden, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | O P I N I O N |

**BEFORE: CLAY, McKEAGUE, and BUSH, Circuit Judges.**

**PER CURIAM.** Charles Quatrine, Jr., a Michigan prisoner, seeks to continue to litigate his habeas petition because a change in law made his previously untimely petition now timely. Specifically, Quatrine argues that the district court abused its discretion by denying relief from judgment under Federal Rule of Civil Procedure 60(b)(6). Finding no error, we affirm.

I.

In 2006, a state-court jury convicted Quatrine of charges related to his secret recording of a minor in various stages of undress. Following his conviction, Quatrine pursued several avenues of direct and collateral relief in state court. Relevant to this appeal, Quatrine also petitioned for habeas relief in a federal district court. The district court, however, denied the petition because it was time-barred by 28 U.S.C. § 2244(d)(1). On appeal, Quatrine argued that the statute of

limitations was tolled while he could have, but did not,[1] appeal the denial of post-conviction relief in state court. This Court was unpersuaded and affirmed the district court's denial of the petition. Typically, that would end the case. But four months after the affirmance, this Court held in an analogous case that the statute of limitations was tolled. So Quatrine asked the district court for relief from judgment under Rule 60(b). The district court denied that motion and then denied relief again when Quatrine asked for reconsideration. This appeal followed.

## II.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citation omitted). We find an abuse of discretion only when we have a definite and firm conviction that the trial court committed a clear error of judgment. *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quotation omitted). When making that assessment, we bear in mind that the trial court's discretion is "especially broad" in the Rule 60(b)(6) context because of the underlying equitable principles involved. *Miller*, 879 F.3d at 698 (quotation omitted).

## III.

Before turning to the merits of Quatrine's argument, we pause to consider two preliminary issues. The first is a jurisdictional question. Federal Rule of Appellate Procedure 3(c)(1)(B) requires a party to designate the "judgment, order, or part thereof being appealed." Here, two

---

[1] At times, Quatrine suggests he did in fact file an appeal. If true, that may mean he could have been entitled to relief under Rule 60(b)(1)—the provision that covers "mistake, inadvertence, surprise, or excusable neglect[.]" But Quatrine is limited to relief under Rule 60(b)(6)—a "catch-all provision"—because he missed the deadline to raise a challenge under Rule 60(b)(1). Rule 60(b)(6) does not provide relief for circumstances covered by Rule 60(b)(1), so we do not consider whether Quatrine actually filed an appeal in state court. *See McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)).

orders addressed the issue now raised on appeal: (1) the denial of Quatrine's motion for relief from judgment (the "original order"); and (2) the denial of Quatrine's motion for reconsideration of the denial of the motion for relief from judgment (the "reconsideration order"). Both parties treat this appeal like a challenge to the original order. But Quatrine's notice of appeal lists only the date of the reconsideration order. "Rule 3's dictates are jurisdictional in nature," so we address, *sua sponte*, whether we can follow the parties' lead and consider the original order. *Smith v. Barry*, 502 U.S. 244, 248 (1992).

We can. Although jurisdiction is always a serious concern, both the Federal Rules of Civil Procedure and the Supreme Court advise that Rule 3's requirements should be construed liberally. *See Smith*, 502 U.S. at 248; Fed. R. App. P. 3(c)(4). For that reason, this Circuit has "long taken the position that, absent a showing of prejudice, technical errors respecting the sufficiency of the notice of appeal will be found harmless." *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010) (citing *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985)); *see also Ramsey v. Penn Mut. Life Ins. Co.*, 787 F.3d 813, 819 (6th Cir. 2015). Here, the parties and the judicial officer that granted the COA all understood Quatrine to be appealing the issues raised in the original order. So there is no evidence of prejudice. Thus, we will not narrow the appeal based on a technicality.

But even if we were inclined to find that Quatrine's mistake was more than a technicality, the outcome would be the same. The district court treated Quatrine's request like a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(h). A motion for reconsideration under Local Rule 7.1(h) is like a motion to amend judgment under Federal Rule of Civil Procedure 59(e): they both are vehicles for a litigant to ask a court to correct a mistake of law or fact. *Compare Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (articulating the standard for a motion to amend judgment under Civil Rule 59(e)), *with Witzke v.*

*Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997) (articulating the standard for a motion for reconsideration under Local Rule 7.1(h)). An appeal from a Rule 59(e) decision also brings before us the decision being reconsidered. *Hood v. Hood*, 59 F.3d 40, 43 n.1 (6th Cir. 1995). We see no reason to treat a Local Rule 7.1(h) decision any differently.

Comfortable that we have jurisdiction, we turn to the next preliminary issue: whether Quatrine properly obtained a certificate of appealability. Briefly, a habeas petitioner must obtain a COA before challenging the denial of a Rule 60(b) motion. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). To obtain a COA, an applicant has to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Quatrine did not comply with that requirement because his application focused exclusively on whether the statute of limitations to file a habeas petition had tolled. That said, this Court granted a COA anyway. Buried in a footnote, the State alludes to this irregularity. But it does not suggest that we must refrain from hearing the appeal. In fact, the State requests only that we "affirm the district court's decision." The State thus waived any challenge to the COA. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (holding that we will not flesh out skeletal arguments). And for good reason. Section 2253(c)(2) does not establish a jurisdictional requirement, *see Gonzalez v. Thaler*, 565 U.S. 134, 143 (2012), and here it would be inappropriate to reconsider the COA and wade into a potentially complicated constitutional analysis when a straight-forward procedural question predominates. We thus find that Quatrine can proceed with his current COA.

Turning to the merits of the appeal, the question presented is whether the district court abused its discretion by refusing to set aside judgment under Rule 60(b)(6) because Quatrine's dismissed habeas petition would now be timely after an alleged change in the law. The answer is no. A court may set aside judgment under Rule 60(b)(6) in exceptional or extraordinary

circumstances where principles of equity mandate relief. *Miller*, 879 F.3d at 698. At times, Quatrine suggests that the alleged change in law should be enough to secure relief. Not so. "[A] change in the law which renders a previously dismissed habeas petition timely is not sufficient extraordinary circumstances under Rule 60(b)(6)." *Wogoman v. Abramajtys*, 243 F. App'x 885, 890 (6th Cir. 2007) (citations omitted); *see also McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (holding that a change in decisional law is usually not, by itself, an extraordinary circumstance meriting relief from judgment).

Perhaps recognizing the weakness of his argument, Quatrine also points to alleged errors made by a state circuit judge and a clerk at the Michigan Supreme Court during Quatrine's state collateral proceedings. This appeal, however, is about a federal district judge's decision not to set aside judgment based on an alleged change in federal law. Although the quirks of Quatrine's earlier state proceedings may speak to general fairness, they do not speak to the narrow issue at hand. Along similar lines, Quatrine protests that the mandate in his first appeal issued after the alleged change of law he raises in this appeal. Fair enough, but Quatrine sought a rehearing en banc of his first appeal and requested that the mandate be recalled. This Court denied both forms of relief, and we will not re-entertain those arguments now. Nor would it have been appropriate for the district court to question this Court's decision. Quatrine also accuses this Court of overlooking his motion to hold in abeyance his first appeal. Quatrine, however, forgets to mention that he filed the motion after this Court affirmed the denial of his habeas petition. Although the motion may have delayed this Court's decision to deny rehearing en banc, it is irrelevant to this Court's initial decision—and ultimately, final decision—to affirm.

Finally, Quatrine contends that the disposition of his case is unfair because he has maintained his innocence, pursued all grounds for relief, and advanced arguments about the statute

of limitations that were later adopted by this Court. We cannot weigh in on Quatrine's innocence here; the jury has spoken. As to the other arguments, they are not extraordinary enough to find that the district court abused its discretion. *See Bachman v. Wilson*, No. 16-3479, 2018 WL 3995742, at *7–*9 (6th Cir. Aug. 20, 2018) (affirming the denial of a Rule 60(b)(6) motion when a habeas petitioner argued that he diligently pursued relief and that this Court, in a later case, adopted an argument like the argument the petitioner made in his appeal). Quatrine thus is not entitled to relief.

IV.

In sum, Quatrine asks for another bite at the apple because his previously time-barred habeas petition would now be timely after a change in the law. Although we understand why he would make the request, it ultimately is not enough to grant relief from judgment under Rule 60(b)(6). We **AFFIRM**.