# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2025

Lyle W. Cayce
Clerk

No. 25-30012
Summary Calendar

---

Vickie Boone,

> *Plaintiff—Appellant*,

*versus*

Progressive Insurance Company,

> *Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-4640

---

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

After Hurricanes Laura and Delta struck Lake Charles, Louisiana in 2020, five plaintiffs—all Louisiana citizens—invoked the district court's diversity jurisdiction in this suit against their property insurer. One of those plaintiffs, Vickie Boone, sought to recover for storm damage to her property at 1720 Gieffers Street. The complaint, initially filed in August 2022, named

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30012

"Progressive Insurance Company" as the defendant and alleged that the insurer was "domiciled in Georgia." The complaint was silent as to Progressive Insurance Company's state of incorporation.

The plaintiffs attempted to serve that company by mailing the summons and a copy of the complaint addressed to the Louisiana Secretary of State, but no answer was filed. About a year later, there was still no answer from Progressive Insurance Company—nor was there a request for entry of default by Boone. So, on April 12, 2024, the court clerk issued a notice of intent to dismiss under its local rules. *See* W.D. La. Local Rule 41.3. When two more weeks passed and neither side appeared, the clerk entered an order of dismissal, which disposed of the case "in its entirety."

Then, on January 2, 2025, Boone filed a pro se "Rule 60 Motion" seeking to reinstate her claims. She argued that the clerk's dismissal order "should be void" because "only . . . the presiding Judge" had the authority to direct entry of dismissal.

On January 8, the district court rejected her request to reopen the case because, among other reasons, it lacked subject-matter jurisdiction. To arrive at that conclusion, the district court judicially noticed Boone's case previously pending before it,[1] where she asserted the same hurricane-damage claim for the same Lake Charles property but against Progressive *Home* Insurance Company.

In that case, Progressive *Property* Insurance Company appeared as Boone's insurer and challenged the district court's subject-matter jurisdiction based on lack of diversity. Persuaded by the insurer's motion papers, the district court determined that Progressive Property Insurance

---

[1] *Boone v. Progressive Home Ins. Co.*, No. 2:22-cv-4953 (W.D. La. filed April 26, 2022).

No. 25-30012

Company was domiciled in Louisiana as of April 2022—*viz.*, four months before Boone's complaint was filed.[2] Accordingly, the suit was dismissed without prejudice for lack of diversity. Consistent with that disposition, the district court, in this case, denied Boone's Rule 60 motion. Boone, still pro se, timely appealed.

In her opening brief on appeal, Boone reasserts her argument that the clerk's dismissal order is void. She does not, however, address the merits of district court's jurisdictional determination.

The district court appropriately recognized the earlier judgment it rendered in Boone's identical case before the same judge in the same court. As we have explained, "[t]he District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."[3]

And by failing to address diversity jurisdiction on appeal, Boone has not met her "burden of persuasion for establishing diversity jurisdiction[.]"[4] Indeed, she has forfeited appellate review of that determination.[5]

For these reasons, we AFFIRM the district court's judgment.

---

[2] The district court relied on letters and certificates by the Commissioner of the Louisiana Department of Insurance documenting Progressive Property Insurance Company's April 2022 reincorporation in Louisiana.

[3] *Aloe Creme Lab'ys, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (per curiam).

[4] *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

[5] *See, e.g.*, *Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 542 (5th Cir. 2019) ("Arguments . . . in favor of jurisdiction[] can be forfeited or waived."); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (recognizing that even pro se litigants must brief arguments in order to preserve them).